UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
BRIAN HOPKINS, LIANA HOPKINS and
SEAN HOPKINS,

                Plaintiffs,

- against -

NATIONAL RAILROAD PASSENGER CORPORATION
a/k/a AMTRAK,

                Defendant.
----------------------------------------------------------------X

08 2965

GARAUFIS, J.

LEVY, M.J

**NOTICE FOR REMOVAL**

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUL 22 2008 ★
BROOKLYN OFFICE

Defendant National Railroad Passenger Corporation a/k/a Amtrak ("Amtrak"), through its attorneys, Landman Corsi Ballaine & Ford P.C., respectfully states upon information and belief:

    1.      On July 10, 2008, defendant received the Summons and Verified Complaint in this action which is currently pending in the Supreme Court of the State of New York, Queens County. A copy of the Summons and Verified Complaint is annexed hereto as Exhibit A. This constitutes all prior pleadings/orders served upon defendant to date.

    2.      According to the Verified Complaint, on July 9, 2006, plaintiff Brian Hopkins allegedly sustained personal injuries from an electric shock from the catenary wire that hung above the Amtrak Acela Express located and parked on Platform #7 at South Station, Boston, MA.

    3.      Amtrak is removing this action because defendant Amtrak was created by an Act of Congress, 49 U.S.C. § 24101, et seq., and more than one-half its capital stock is owned by the United States. Thus, the above-described action is a civil action of which this Court has original jurisdiction under the provisions of Title 28, U.S.C. §§ 1331 and 1349 and is one which may be removed to this Court by the defendant therein, pursuant to the provisions of Title 28, U.S.C. § 1441.

WHEREFORE, defendant Amtrak prays that the action now pending against it in the Supreme Court of the State of New York in and for the County of Queens be removed therefrom to this Court.

Dated:   New York, New York
        July 16, 2008

                                    Respectfully submitted,

                                    LANDMAN CORSI BALLAINE & FORD P.C.

By: _____
        Mark S. Landman (ML 7654)
        Attorneys for Defendant Amtrak
        120 Broadway, 27th Floor
        New York, New York 10271-0079
        (212) 238-4800

Case 1:08-cv-02965-NGG-RML Document 1 Filed 07/22/08 Page 4 of 13 PageID #: 4

JUL-10-2008 15:18 From:AMTRAK CLAIMS    2126306203    To:212 238 4848    P.4/14
JUL-10-2008 16:08 From:              2029063761      To:2126306203      P.3/13

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

----------------------------------------x

BRIAN HOPKINS,
LIANA HOPKINS AND
SEAN HOPKINS,

                Plaintiffs,

v.

NATIONAL RAILROAD PASSENGER CORPORATION
a/k/a AMTRAK,

                Defendant.

----------------------------------------x

Index No: 16587/08

Date purchased: 7/3/08

**SUMMONS**

Plaintiff designates Queens County as the venue for this action. The basis of venue is:

The Plaintiff Brian Hopkins, resides at 3027 30th St., Apt. 2C Astoria, NY 11102

To the above named Defendant(s)

      **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the Complaint is not served with this Summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within 20 days after the service of this Summons, exclusive of the day of service (or within 30 days after the service is complete if this Summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: July 2, 2008
Boston, MA

QUEENS COUNTY CLERK
RECEIVED
2008 JUL -3 A 9:51

Plaintiffs, by their counsel
CAMPBELL CAMPBELL EDWARDS & CONROY,
Professional Corporation

By: _____
Russell X. Pollock, Esq.
One Constitution Plaza
Boston, MA 02129
(617) 241-3000 / FAX (617) 241-5115

&

John P. Hannigan, Esq.
Bleakley Platt & Schmidt, LLP
One North Lexington Avenue
P.O. Box 5056
White Plains, NY 10602-5056
(914) 949-2700 / FAX (914) 683-6956

RECEIVED
Amtrak
ELEANOR D. ACHESON
VICE PRESIDENT, GENERAL COUNSEL
AND CORPORATE SECRETARY

Defendants' Addresses:    400 No. Capitol St. N.W.,
                                 Washington, D.C. 20001-1511

JUL-10-2008 15:18 From:AMTRAK CLAIMS         2126306203        To:212 238 4848        P.5/14
JUL-10-2008 16:08 From:                      2029063761        To:2126306203          P.4/13

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
------------------------------------------------------------X

BRIAN HOPKINS,
LIANA HOPKINS AND
SEAN HOPKINS,
        Plaintiffs,

v.

NATIONAL RAILROAD PASSENGER CORPORATION
a/k/a AMTRAK,

        Defendant.
------------------------------------------------------------X

**VERIFIED COMPLAINT**

The plaintiff, complaining of the defendant, by and through their attorneys, Campbell Campbell Edwards & Conroy, Professional Corporation and Bleakley Platt & Schmidt, LLP, respectfully show to this Court and allege upon information and belief as follows, that at all times hereinafter mentioned the following:

## INTRODUCTION

1. This is a personal injury action brought by Brian Hopkins against the National Railroad Passenger Corporation a/k/a Amtrak (hereinafter "Amtrak") to recover for severe personal injuries he suffered when he was electrocuted by the catenary wires located above an Amtrak Acela train parked at a platform of South Station in Boston, Massachusetts. It is also a claim by his parents who are supporting him, to recover for the loss of their son's consortium. The magnitude of the harm posed by the catenary wires mandated that Amtrak take action to minimize the danger, which it has never done.

2

JUL-10-2008 15:18 From:AMTRAK CLAIMS        2126306203         To:212 238 4848      P.6/14
JUL-10-2008 16:08 From:                     2029063761         To:2126306203        P.5/13

## PARTIES

2. Plaintiff Brian Hopkins is a twenty-five-year-old adult individual currently residing at 3027 30th St., Apt. 2C, Astoria, NY 11102.

3. Plaintiff Helene Hopkins, mother of Brian Hopkins, is an individual currently residing at 50 Prescott Avenue in White Plains, New York.

4. Plaintiff Sean Hopkins, father of Brian Hopkins, is an adult individual currently residing at 50 Prescott Avenue in White Plains, New York.

5. Defendant Amtrak is a corporation engaged in the operation of intercity passenger rail service throughout the United States. Amtrak maintains its principal place of business at 60 Massachusetts Avenue, N.E., Washington, D.C. 20002. Amtrak also maintains an office in New York located at 8th Ave 31st Street / 8th Ave 33rd Street New York, NY 10001.

6. Jurisdiction is proper pursuant to CPLR 302(a) as Amtrak regularly transacts business within New York, regularly contracts to supply services in New York, committed a tortuous act which caused injury within New York as well as other valid bases of jurisdiction.

7. Venue is proper pursuant to CPLR 503(a) as this is a transitory action and the plaintiff resides within Queens County.

## FACTS

8. Amtrak is a common carrier.

9. Amtrak operates and maintains electrified railroad lines in the eastern United States, including but not limited to, the 38 miles beginning at the Massachusetts/Rhode Island border and terminating at South Station in Boston, Massachusetts (the "Subject Electrified Railroad Lines").

3

10. As a common carrier, Amtrak has a duty to maintain its property in a safe condition in view of all circumstances, including the likelihood of injury to others, the seriousness of the potential injury and the burden of avoiding the risk.

11. As the entity that owns, operates and/or controls the Subject Electrified Railroad Lines, Amtrak has a duty to maintain its property in a safe condition in view of all circumstances, including the likelihood of injury to others, the seriousness of the potential injury and the burden of avoiding the risk.

12. These duties of care increase as the risk of harm increases and as the magnitude of the potential harm increases.

13. The Subject Electrified Railroad Lines use catenary wires, which run above the trains operating into and out of South Station.

14. These catenaries can carry as much as 27,500 volts of direct electricity.

15. These catenaries are never shut off, even during the hours when there are no trains entering or leaving South Station and when there are trains merely parked beneath them.

16. Catenaries present a risk of serious physical injury by electrocution to individuals, even when the catenaries are not contacted.

17. A person who is only in proximity to the catenary can be electrocuted, incinerated or killed by electricity that "arcs" from the catenary toward the person.

18. The risk of electrocution by "arcing" is not well known or obvious to railroad customers, railroad employees or the general public.

19. Amtrak, as a railroad company, owes a duty of care to those on or near its railroad track and even a higher duty of care when it has actual or imputed knowledge of a person's entry on its property.

JUL-10-2008 15:18 From:AMTRAK CLAIMS        2126306203       To:212 238 4848     P.9/14
JUL-10-2008 16:08 From:                     2029063761       To:2126306203      P.8/13

31. Brian Hopkins has undergone numerous surgeries on his torso and extremities since July 16, 2006.

32. Brian Hopkins requires physical therapy, occupational therapy and strength and mobility training and is awaiting a prosthesis for his left arm.

## AS AN FOR THE FIRST CAUSE OF ACTION
## NEGLIGENCE

33. The Plaintiffs reassert by reference paragraphs 1 through 32 as if fully set forth herein.

34. Since beginning its ownership, control and operation of the Subject Electrified Railroad Lines, Amtrak knew or should have known that electrified catenary wires, carrying as much as 27,500 volts of direct electricity, posed a significant risk of electrocution.

35. Amtrak knew or should have known that allowing trains to park beneath electrified catenary wires substantially increased this risk of electrocution.

36. Amtrak knew or should have known that persons trespassed on and/or burglarized trains, railroad tracks and related fixtures in connection with the railroad, including trains parked at the platforms at South Station in Boston, Massachusetts.

37. Amtrak was negligent and otherwise breached the duty of care it owed to individuals on or near its trains at South Station. Amtrak's negligence includes, individually and collectively, the following:

- failing to properly monitor its trains while parked at the platform area or South Station, which is a magnet for individuals, including between the hours of 11:00 p.m. and 5:00 a.m., or take measures to ensure that trains parked at the platform areas were properly monitored; and

6

JUL-10-2008 15:18 From:AMTRAK CLAIMS        2126306203        To:212 238 4848        P.10/14
JUL-10-2008 16:08 From:                     2029063761        To:2126306203          P.9/13

- failing to de-electrify the catenary wires when not in use or take measures to ensure that the catenary wires were not electrified when not in use; and

- failing to park trains away from the platform when not in use or requiring that the trains be parked away from all catenary wires when not in use; and

- failing to inform the public of the life threatening, latent hazards associated with the catenary wires being electrified when the trains are not in use; and

- failing to inform the public of the life threatening, latent hazard associated with arcing of the catenary wires onto individuals in proximity to them without the necessity of physical contact; and

- failing to otherwise maintain the catenary wires, trains and station in a manner that would prevent the known, foreseeable and unreasonable risk of electrocution to individuals in the area.

38. As a direct and proximate result of Amtrak's negligence, Brian Hopkins suffered severe personal injuries, pain and suffering, emotional distress, and economic damages including medical expenses and loss of earning capacity.

39. The amount of damages sought exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

40. It is hereby alleged that pursuant to CPLR 1603 this action is exempt from the operation of CPLR 1601 by reason of one or more of the exemptions provided in CPLR 1602 including CPLR 1602(5), (7) and (11).

## AS AN FOR THE SECOND CAUSE OF ACTION
## GROSS NEGLIGENCE, RECKLESSNESS, WILLFULNESS & WANTONNESS

41. The Plaintiffs reassert by reference paragraphs 1 through 40 as if fully set forth herein.

JUL-10-2008 15:19 From:AMTRAK CLAIMS        2126306203           To:212 238 4848        P.11/14
JUL-10-2008 16:09 From:                     2029063761           To:2126306203          P.10/13

42. Since beginning its ownership, control and operation of the Subject Electrified Railroad Lines, Amtrak knew or should have known that electrified catenary wires, carrying as much as 27,500 volts of direct electricity, posed a significant risk of electrocution.

43. Amtrak knew or should have known that allowing trains to park beneath electrified catenary wires substantially increased this risk of electrocution.

44. Amtrak knew or should have known that persons trespassed on and/or burglarized trains, railroad tracks and related fixtures in connection with the railroad, including trains parked at the platforms at South Station in Boston, Massachusetts.

45. Amtrak was grossly negligent, reckless, willful and wanton, and otherwise breached the duty of care it owed to individuals on or near its trains in South Station. Amtrak's grossly negligent, reckless, willful and wanton conduct includes, individually and collectively, the following:

- failing to properly monitor its trains while parked at the platform area or South Station, which is a magnet for individuals, including between the hours of 11:00 p.m. and 5:00 a.m., or take measures to ensure that trains parked at the platform areas were properly monitored; and

- failing to de-electrify the catenary wires when not in use or take measures to ensure that the catenary wires were not electrified when not in use; and

- failing to park trains away from the platform when not in use or requiring that the trains be parked away from all catenary wires when not in use; and

- failing to inform the public of the life threatening, latent hazards associated with the catenary wires being electrified when the trains are not in use; and

8

JUL-10-2008 15:19 From:AMTRAK CLAIMS     2126306203          To:212 238 4848      P.12/14
JUL-10-2008 16:09 From:                  2029063761          To:2126306203       P.11/13

- failing to inform the public of the life threatening, latent hazard associated with arcing of the catenary wires onto individuals in proximity to them without the necessity of physical contact; and

- failing to otherwise maintain the catenary wires, trains and station in a manner that would prevent the known, foreseeable and unreasonable risk of electrocution to individuals in the area.

46. As a direct and proximate result of Amtrak's grossly negligent, reckless, willful and wanton conduct, Brian Hopkins suffered severe personal injuries, pain and suffering, emotional distress, and economic damages including medical expenses and loss of earning capacity.

47. The amount of damages sought exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

48. It is hereby alleged that pursuant to CPLR 1603 this action is exempt from the operation of CPLR 1601 by reason of one or more of the exemptions provided in CPLR 1602 including CPLR 1602(5), (7) and (11).

## AS AN FOR THE THIRD CAUSE OF ACTION
## LOSS OF SERVICES

49. The Plaintiffs reassert by reference paragraphs 1 through 48 as if fully set forth herein.

50. Liana Hopkins and Sean Hopkins are Brian Hopkins' parents.

51. As result of the foregoing conduct by Amtrak, Liana Hopkins and Sean Hopkins have been deprived of Brian Hopkins' love, companionship, society, affection and all other physical, emotional and psychological benefits of a parent-child relationship due to the physical and psychological trauma that Brian Hopkins has suffered and continues to suffer.

JUL-10-2008 15:19 From:AMTRAK CLAIMS        2126306203         To:212 238 4848      P.13/14
JUL-10-2008 16:09 From:                     2029063761         To:2126306203        P.12/13

52. In addition, Liana Hopkins and Sean Hopkins now provide for Brian Hopkins due to the physical and psychological trauma that Brian Hopkins has suffered and continues to suffer.

53. The amount of damages sought exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

54. It is hereby alleged that pursuant to CPLR 1603 this action is exempt from the operation of CPLR 1601 by reason of one or more of the exemptions provided in CPLR 1602 including CPLR 1602(5), (7) and (11).

**WHEREFORE**, the plaintiff demands:

A) Judgment against the defendants in the First, Second and Third Causes of Action for compensatory damages;

B) Punitive damages to be awarded together with attorneys' fees, interest, costs and disbursements of this action;

C) Any other or further damages as this Court deems just and proper.

Dated: July 2, 2008
Boston, MA

PLAINTIFFS, by their counsel
CAMPBELL CAMPBELL EDWARDS & CONROY, Professional Corporation

By: _____
Russell X. Pollock, Esq.
One Constitution Plaza
Boston, MA 02129
(617) 241-3000 / FAX (617) 241-5115

&

John P. Hannigan, Esq.
Bleakley Platt & Schmidt, LLP
One North Lexington Avenue
P.O. Box 5056
White Plains, NY 10602-5056
(914) 949-2700 / FAX (914) 683-6956

JUL-10-2008 15:19 From:AMTRAK CLAIMS		2126306203		To:212 238 4848		P.14/14
JUL-10-2008 16:09 From:			2029063761		To:2126306203		P.13/13

## ATTORNEY'S VERIFICATION

STATE OF MASSACHUSETTS )
: SS:
COUNTY OF SUFFOLK )

RUSSELL X. POLLOCK, attorney at law licensed to practice in the courts of New York State, states that affirmant is a member of the firm of Campbell Campbell Edwards & Conroy, Professional Corporation, attorneys for the plaintiff(s) in the within action; that affirmant has read the foregoing COMPLAINT and knows the contents thereof; that the same is true to affirmant's own knowledge except as to those matters therein stated to be alleged on information and belief, and that as to those matters, affirmant believes them to be true.

Affirmant further states that the reason this verification is made by affirmant and not by the plaintiff(s) is that the plaintiff(s) is/are not within the County wherein affirmant maintains his office.

The grounds of affirmant's belief are investigation and data in affirmant's possession and consultations had with the plaintiffs and well as expert consultants.

The undersigned affirms that the following statements are true under penalty of perjury.

Dated: July 2, 2008
Boston, MA

RUSSELL X. POLLOCK

11