UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
BRIAN HOPKINS, LIANA HOPKINS and
SEAN HOPKINS,

       Plaintiffs,

  - against -                                 Assigned Docket No. _____

NATIONAL RAILROAD PASSENGER          08 CV 2965 (NGG)(RML)
CORPORATION a/k/a AMTRAK and
MASSACHUSETTS BAY TRANSPORTATION
AUTHORITY,

       Defendants.
----------------------------------------------------------------X


**MEMORANDUM OF LAW IN FURTHER SUPPORT OF
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**


Of Counsel
    Cristi L. Fusaro
    Mark S. Landman

Date of Service: April 30, 2012

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT .................................................. 1

ARGUMENT ................................................................ 3

    POINT I    PLAINTIFFS HAVE NO EVIDENCE DEFENDANTS' CONDUCT WAS RECKLESS, WILLFUL OR WANTON, THE GOVERNING STANDARD IN THIS ACTION .............................. 3

        A.    The Adult Plaintiff Was A Trespasser Once He Climbed On Top Of Amtrak's Train ............................................ 3

        B.    Plaintiffs Have No Evidence of Willful, Wanton or Reckless Conduct By Defendants ............................................. 4

            i.    Caselaw Cited By Plaintiffs is Distinguishable From the Facts of This Case ............................... 4

            ii.    Prior Incidents Cited By Plaintiffs Are Inadmissible And Do Not Establish Notice .................... 6

            iii.    Plaintiffs' Allegations As to Signage and the Catenary Wire Remaining Energized Do Not Suggest Defendants Were Guilty of Willful or Wanton Conduct ................................... 8

        C.    Plaintiff's Own Reckless Conduct in Trespassing Was The Sole Cause Of Accident ................................................. 9

CONCLUSION ............................................................ 11

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

Andrews v. Metro North Commuter Railroad Co.,
  882 F.2d 705 (2d Cir. 1989) .................................................................................... 1

Beausoleil v. Mass. Bay Transp. Auth.,
  138 F.Supp.2d 189 (D.Mass 2001) ....................................................................... 4, 5

Boyd v. National Passenger Railroad Corp. et al.,
  446 Mass. 540 (2001) ............................................................................................. 5

Edwards v. Consolidated Rail Corp.,
  567 F. Supp. 1087 (D.D.C. 1983) ......................................................................... 6, 7

Fowle v. C & C Cola,
  868 F.2d 59 (3d Cir.1989) ...................................................................................... 1

Gaines v. General Motors Corp.,
  789 F.Supp. 38 (D. Mass. 1991) ............................................................................. 9

Gil v. National Railroad Passenger Corp et al.,
  2007 WL 2230176 (E.D.N.Y. 2007 ...................................................................... 10

Griffen v. City of New York et al.,
  287 F.Supp.2d 392 (S.D.N.Y. 2003) ...................................................................... 6

Inferrera v. Town of Sudbury,
  31 Mass.App.Ct. 96 (1991) ................................................................................ 5, 6

Jackson v. Eqyptian Navigation Co.,
  222 F. Supp. 2d 700 (E.D. Pa. 2002) ..................................................................... 1

Klein et al. v. National Railroad Passenger Corp. et al.,
  Civil Action No. 04-955 (E.D. Pa.) ..................................................................... 4, 5

Krueger v. Fraternity of Phi Gamma Delta, Inc.,
  13 Mass.L.Rptr. 665 (2001) ............................................................................... 9, 10

Lynch v. Metropolitan Transp. Auth. et al.,
  82 A.D.3d 716, 917 N.Y.S.2d 685 (2d Dep't 2011) ............................................. 10

McKinnon v. Skil Corp.,
  638 F.2d 270 (1st Cir. 1981) .................................................................................. 6

Menard v. CSX Transp., Inc.,
  2012 WL 13372 (D. Mass. 2012) ................................................................. 2, 4, 6

Reynolds v. Stillman,
  335 Mass. 762 (1956) ............................................................................................ 9

Ruiz v. Bally Total Fitness Holding Corp.,
  496 F.3d 1 (1st Cir. 2007) ...................................................................................... 3

Schofield v. Merrill,
  386 Mass. 244 (1982) ......................................................................................... 3, 4

Scott v. Boston Elevated Ry. Co.,
  318 Mass. 31 (1945) .............................................................................................. 9

Wright v. Conway,
  2003 WL 22391232 (D.Mass. 2003) ..................................................................... 4

**OTHER AUTHORITIES**

M.G.L. c. 160 § 218, as amended by 1987 Mass. Legis. Serv. 501 ................................ 3

M.G.L. c. 231 § 85 .......................................................................................................... 9

Restatement (Second) of Torts ....................................................................................... 5

Fed.R.Civ.P Rule 56(e) ............................................................................................... 1, 6

## PRELIMINARY STATEMENT

Defendants National Railroad Passenger Corporation a/k/a Amtrak ("Amtrak") and Massachusetts Bay Transportation Authority ("MBTA") ("Defendants"), submit this reply memorandum of law in further support of their motion for summary judgment.[1]

Plaintiffs argue that Defendants breached a duty because of their notice of accidents in which the public climbed atop trains and suffered injury. Pl Opp at 6. Plaintiffs concede that Massachusetts law applies and that in Massachusetts, with regard to an adult trespasser, the duty of care is to refrain from willful, wanton or reckless disregard. Pl Opp at 18. Although Plaintiffs argue that Brian Hopkins was not a trespasser, they ignore that by climbing on top of a train he was trespassing and that this incident was not caused by merely access to the platform. Had he remained on the platform he never would have been injured.

Plaintiffs rely on a few irrelevant incidents, none of which occurred in Massachusetts, and only one of which occurred in a station (New York Penn Station nearly 14 years prior to the subject incident) to argue that Defendants were guilty of reckless conduct. Pl Opp at 9-12. First, these incidents are inadmissible to establish notice because they are substantially different than the subject incident with respect to time, place and circumstance.[2] Most significantly, Plaintiffs

---

[1] References to Exhibits A to K are to those annexed to the Declaration of Cristi L. Fusaro, dated February 27, 2012 ("Fusaro Decl."); references to Exhibits L to M are to those annexed to the Supplemental Declaration of Cristi L. Fusaro, dated April 30, 2012 ("Supp. Fusaro Decl."); and all references to numbered Exhibits are to the those annexed to the Declaration Of Russell X. Pollock In Opposition, dated April 14, 2012 ("Pollock Decl."). Plaintiffs' Memorandum of Law In Opposition will be referenced as "Pl Opp" and their 56.1 Statement will be referenced as "P.56.1". Defendants' 56.1 Statement will be referenced as "D.56.1".

[2] Plaintiffs' reliance on their expert reports should not be considered since (i) an expert may not testify as to the standard of care and (ii) whether the conduct was reckless under the circumstances is an issue for the Court. See Andrews v. Metro North Commuter Railroad Co., 882 F.2d 705, 709 (2d Cir. 1989). Moreover, Plaintiffs included only expert reports rather than Affidavits, which are inadmissible. Unsworn reports do not meet the requirements of Fed.R.Civ.P. 56(e) and are "not competent to be considered on a motion for summary judgment." Jackson v. Egyptian Navigation Co., 222 F. Supp. 2d 700, 709 (E.D. Pa. 2002)(quoting Fowle v. C & C Cola, 868 F.2d 59, 67 (3d Cir.1989). Defendants reserve the right to move to exclude these expert opinions pursuant to Daubert, if this motion is denied.

533871.1 DocsNY

concede that prior to this incident, there never had been another incident of a trespasser climbing on top of a railcar and coming into contact with the catenary wire in the entire Commonwealth of Massachusetts, let alone South Station. P.56.1 at ¶12.

In addition, Plaintiffs argue that Defendants were reckless because of a lack of signage relating to the catenary wires and because trains were parked overnight at South Station with the wires energized. Pl Opp at 6, 14. Plaintiff's own testimony confirms these issues are irrelevant, as he had a full understanding of the dangers of electricity and readily admits that (i) it is unreasonable for a person to touch an overhead wire; (ii) it is unreasonable and dangerous for a person to climb on top of a train and (iii) he understood by climbing on top of a train the potential existed for injury due to the dangers of the overhead electrical wire. D.56.1 at ¶3.[3] Plaintiffs argue that their claims should be heard by a jury, however, they fail to even address Menard v. CSX Transp., Inc., 2012 WL 13372, - - F.Supp.2d - - (D. Mass 2012) (pre-Answer motion to dismiss granted where plaintiff suffered injuries while walking across a rail yard owned by CSX, which he and others allegedly crossed with CSX employees' tacit approval for years) and a host of other cases relied on by Defendants establishing the narrow duty owed to trespassers. The motion in Menard was granted because the "only duty railroads owe to trespassers is to refrain from willful, wanton or reckless conduct" and nothing in the Complaint suggested that the Defendant "did anything other than conduct normal railway operations." Id. at *2-3. Likewise, there is no evidence whatsoever that Defendants failed to refrain from reckless conduct, as they were conducting normal railway operations with no reason to foresee Plaintiff's inexplicably foolhardy actions at South Station. Based upon this absence of evidence coupled

---

[3] Plaintiffs object to Defendants' use of this "opinion" testimony on foundation grounds. P.56.1 at ¶3. Plaintiffs argue that Mr. Hopkins has no memory of the incident, however, this testimony does not relate to the incident itself, but rather relates to his admitted knowledge of the dangers he voluntarily confronted.

with Plaintiff's own reckless behavior being the sole cause of his accident, Defendants' motion should be granted. Otherwise, the ironic result would be that the Defendants could potentially be liable for the reckless conduct of the Plaintiff.

## POINT I

### PLAINTIFFS HAVE NO EVIDENCE DEFENDANTS' CONDUCT WAS RECKLESS, WILLFUL OR WANTON, THE GOVERNING STANDARD IN THIS ACTION

**A.    The Adult Plaintiff Was A Trespasser Once He Climbed On Top Of Amtrak's Train**

The question of whether a person is a trespasser is a question of law for the Court. Schofield v. Merrill, 386 Mass. 244, 245 (1982). Plaintiffs argue that Mr. Hopkins was not a trespasser as "Amtrak and MBTA want to label anyone in the track without a train ticket to be a trespasser," (Pl Opp at 17), but ignore that by climbing on top of a train, he was trespassing.

Plaintiffs also argue that a negligence rather than a reckless standard must be applied since M.G.L. c. 160, § 218 has never been applied to any conduct other than an individual actually being present on the railroad tracks. Pl Opp at 16-7. This argument is baseless. The statute, as amended by 1987 Mass. Legis. Serv. 501, states in relevant part:

> Whoever knowingly, without right is present, stands, or walks . . . on the right-of-way, bridge, *or other property of, or used or controlled by any railroad corporation*, except at a highway or other authorized grade crossing, shall be fined one hundred dollars. Any person violating this section may be arrested without a warrant by any police officer, including railroad police, and proceeded against according to law. (*emphasis added*).

First, nothing in the plain language of this statute suggests that it is not applicable to all "property of, or used or controlled by any railroad corporation," clearly including railroad equipment. "Courts must presume that a legislature says in a statute what it means and means in a statute what it says." Ruiz v. Bally Total Fitness Holding Corp., 496 F.3d 1, 8-9 (1st Cir. 2007). "Courts are not free to disregard the plain language of a statute and, instead, conjure up

legislative purposes and intent out of thin air." Id. Plain language should be adhered to where, as here, "there is no internal ambiguity in the statutory provision, the overall statute suggests no other outcome, and the result reached by a literal application of its text is perfectly sensible." Id.

Moreover, that all of the common law annotations to this statute involve track crossings is irrelevant. Given that there has never been a similar prior incident in Massachusetts, it is not surprising that there are no annotations involving such conduct. Nor do Plaintiffs argue that Mr. Hopkins was permitted to climb on top of a train. Therefore, regardless of whether this statute applies, the requisite standard is to refrain from reckless, willful and wanton conduct given Plaintiff most certainly was a trespasser. Schofield, 386 Mass. at 245. The mere fact that Plaintiff was not charged criminally with trespass is irrelevant to his status as a trespasser and Plaintiffs cite no caselaw to suggest otherwise.

**B.      Plaintiffs Have No Evidence of Willful, Wanton or Reckless Conduct By Defendants**

For conduct to be willful, wanton or reckless, Defendant must "intentionally persist in conduct involving a high degree of probability that substantial harm would result to another." Menard, 2012 WL 13372 at *2. It requires conduct that is "criminal or quasi-criminal as opposed to merely careless." Wright v. Conway, 2003 WL 22391232 at *3 (D.Mass. 2003).

There simply is no evidence, here, that Defendants intentionally acted or failed to do an act, which it was their duty to perform, knowing or having reason to know that their failure to act would recklessly create an unreasonable risk of physical harm to another, especially in the absence of **any** prior similar incidents at South Station or in Massachusetts.

   **i.    Caselaw Cited By Plaintiffs is Distinguishable From the Facts of This Case**

Plaintiffs cite Klein/Birdwell v. National Railroad Passenger Corp. et al., 2:04-cv-00955-LS (E.D. Pa.), Beausoleil v. Mass. Bay Transp. Auth., 138 F.Supp.2d. 189 (D. Mass. 2001),

Boyd v. National Passenger Railroad Corp. et al., 446 Mass. 540 (2006) and Inferrera v. Town of Sudbury, 31 Mass.App.Ct. 96 (1991) to support their contention that Defendants' conduct rose to the rigorous standard of reckless conduct. Each of these cases is easily distinguishable from the facts here. While the Klein/Birdwell, Beausoleil and Boyd cases all involve railroad liability, each case involved *infant* plaintiffs who were injured under different circumstances.

Although Plaintiffs state that "the most significant authority for allowing this case to proceed to the jury" is the March 31, 2006 Order in Klein/Birdwell (Pl Opp at 18), they fail to note that this Order was vacated, further highlighting the lack of any legal support for the claims herein. August 10, 2009 Vacatur Order, Exhibit L annexed to Suppl. Fusaro Decl. Moreover, the facts surrounding the Klein/Birdwell incident are readily distinguishable.[4] Lastly, the Court in the subsequently vacated Order relied upon Section 339 of the Restatement (Second) of Torts addressing the attractive nuisance doctrine and the duty owed to trespassing children, not an issue in our case.

In Beausoleil, a 13 year old was struck and killed while crossing tracks at a commuter rail station. 138 F.Supp.2d. at 192. A jury question as to recklessness was found because an engineer testified that passengers at that station crossed the tracks "all the time," defendants had actual knowledge of repeated trespassers at that specific location and had been warned by a state legislator about breaches in the fence. Id. at 195-96. The same is true for Boyd in which a 15 year old was struck and killed by a train after she rode her bicycle around a lowered set of crossing gates at a designated public railroad crossing. 446 Mass. at 543. Plaintiff had evidence that the speed was 18mph over the speed limit. Id. at 552. The Court held that "multiple factors"- the alleged violation of two statutes (regarding train whistles and speed), the extreme

---

[4] The incident did not occur in a train station, but on a stretch of 1.2 mile tail track located behind a parking lot in Lancaster, Pennsylvania used to temporarily park freight (not passenger) trains.

533871.1 DocsNY                       5

danger posed by public grade crossings, the surrounding residential neighborhood, defendants' knowledge of pedestrians repeatedly going around lowered safety gates at that location, the excessive speed, and the decedent's age- created a triable issue as to recklessness. Id. at 552-53.

Lastly, Inferrera, a case involving a snowmobiler who died when he ran into steel cable strung between trees is also distinguishable. 31 Mass.App.Ct. 96. Summary judgment was denied because defendants knew that unauthorized vehicles persistently traveled on the subject property. Id. at 101. Thus, the cases cited by Plaintiffs are distinguishable, since there never has been a prior similar incident at South Station or in Massachusetts.[5]

### ii. Prior Incidents Cited By Plaintiffs Are Inadmissible And Do Not Establish Notice

Inadmissible evidence may not be used to defeat summary judgment.[6] Under federal, New York and Massachusetts law, evidence of prior accidents is generally inadmissible to show a defendant's notice, knowledge of a dangerous condition, or state of mind, for purposes of liability (including where wantonness is the standard of care). The sole exception to this rule is where the proponent demonstrates that the accidents occurred under circumstances substantially similar to those at issue. See McKinnon v. Skil Corp., 638 F.2d 270, 277 (1st Cir. 1981)(*and cases cited therein*)(manufacturer of circular saw sued for negligence and Court held evidence of prior accidents admissible only if proponent shows accidents occurred under circumstances substantially similar to the issue in case at bar); see also Edwards v. Consolidated Rail Corp., 567 F. Supp. 1087 (D.D.C. 1983).[7]

---

[5] As noted, Plaintiffs fail to even address Menard, dismissing Complaint on a motion to dismiss.

[6] Rule 56(e) ("opposing affidavits...shall set forth such facts as would be admissible in evidence"). See also Griffen v. City of New York et al., 287 F.Supp.2d 392 (S.D.N.Y. 2003).

[7] In Edwards, an eleven-year old was injured by a catenary wire after trespassing onto Conrail property and climbing on top of a freight car. Plaintiff sought to introduce evidence that other trespassers had suffered electrical contact accidents with catenary wires throughout the Northeast Corridor. The Edwards Court excluded this evidence, even

533871.1 DocsNY                                     6

Plaintiffs point to 6 incidents to support their claim that Defendants were on notice and failed to refrain from reckless conduct, however, they fail to establish that any of the incidents are substantially similar to the subject accident and would be admissible. Pl Opp at 9-11.  In fact, of the incidents cited, only one occurred at a station. That incident occurred in 1992, approximately 14 years prior to the subject incident, at New York's Penn Station, located over 200 miles from South Station.  Pollock Decl., Exh. 14.  New York's Penn Station, with its numerous subway levels, commuter railroads, shopping concourses, along with access to Madison Square Garden built on top of it, presents a completely different physical environment than does South Station's tracks outside the terminal building in Boston.  The other 5 incidents are equally, if not more, dissimilar to the subject accident: (1) incident in 1996 when an individual climbed on top of a multiple unit train car (not Amtrak) while the train was outside of Trenton Station (Pollock Decl., Exh. 18) (2) incident in 1994 when an individual climbed on top of a freight car (not Amtrak) using a ladder in Chester, Pennsylvania (Pollock Decl., Exh. 17); (3) incident in 1993 in a yard (non-Amtrak) in Newark, Delaware when an individual climbed on top of a Conrail freight train using a ladder (Pollock Decl., Exh. 16); (4) incident in 1993 when two juveniles climbed on a non-Amtrak train using a ladder in a yard above an NJT railyard (Pollock Decl., Exh. 15) and (5) incident in 2001 in Wilmington, Delaware when an individual climbed on top of a Burlington Northern freight train while the train was between stations. (Pollock Decl., Exh. 19).  Clearly, these incidents, which occurred hundreds of miles away and

---

that of two accidents that occurred in very close proximity to the place of plaintiff's accident, explaining that "any notice that defendant may have had regarding children who had previously climbed on trains . . . at other areas . . . is not relevant to defendant's knowledge or realization of the likelihood that children would be injured by the catenary wire at the *site of plaintiff's accident*." Edwards, 567 F. Supp. at 1107 (*emphasis added*).

many years earlier, are substantially disparate with respect to time, place and circumstance than the subject incident and are inadmissible.[8]

### iii. Plaintiffs' Allegations As to Signage and the Catenary Wire Remaining Energized Do Not Suggest Defendants Were Guilty of Willful or Wanton Conduct

Plaintiffs argue that Defendants breached their duty of care because of a lack of signage relating to the wires and because trains were permitted to remain overnight at South Station with the wires energized. Pl Opp at 6, 14. Plaintiff's own testimony makes these issues irrelevant as he had a thorough understanding of the dangers of electricity:

> Q   And you would agree with me that it wouldn't be reasonable to touch an overhead wire?
> A   Yes.
> Q   And you agree with me that it wouldn't be reasonable to climb on top of a train?
> A   Yes, I do.
> Q   And you understood that if you climbed on top of a train, then the potential existed that you could be exposed to an electrical wire which may result in a serious injury?
> A   Yes.
> Q   And you knew it would be dangerous to climb a train, correct?
> A   Yes.
> Q   You knew the dangers of the overhead wires?
> A   Yes.

See D.56.1 at ¶3.

Moreover, Robert J. Verhelle, the Deputy Chief Engineer for Amtrak testified that the catenary wires remain energized at South Station, just as they do at every other station in the Amtrak system and other power systems. Verhelle Dep., Exh. M at Suppl. Fusaro Decl., at pp. 92-3, 96-8 Mr. Verhelle explained that Amtrak must run trains on time and that it is standard procedure along the right-of-way to leave the wires energized unless there is work going on which would require the power to be shut down. Id. at pp. 92-3, 98. Among other operating

---

8 Moreover, Plaintiffs fail to identify **any** evidence that the MBTA had notice of any of these unrelated incidents.

issues, leaving the catenary wires energized at South Station allows trains to be moved from the yard to the station overnight. Id. at p. 94. Issues can occur if wires are de-energized, including component failure, which would delay normal train operations. Id. at pp. 96-7. Plaintiffs fail to submit any evidence that Defendants' actions with respect to the signage or powering of the catenary wires at South Station were reckless, willful or wanton.

C.  **Plaintiff's Own Reckless Conduct in Trespassing Was The Sole Cause Of Accident**

As discussed above, Plaintiffs' argument that M.G.L. c. 160, § 218 is inapplicable is without merit. Moreover, Massachusetts' comparative negligence statute (M.G.L. c. 231, § 85) does not preclude this Court from awarding summary judgment as argued by Plaintiffs.[9] Pl Opp at 22-3. While a plaintiff's "violation of a statute, ordinance or regulation shall not as a matter of law *and for that reason alone*, serve to bar a plaintiff from recovery" (emphasis added), here, the fact that Mr. Hopkin's violation of M.G.L. c. 160, § 218 was the cause of his injury warrants summary judgment.[10] See Gaines v. General Motors Corp., 789 F.Supp. 38 (D. Mass. 1991)(rule that criminality of the plaintiff's conduct bars recovery as a matter of public policy is unaffected by the subsequent adoption of comparative negligence statute and granted motion to dismiss since no proximate cause as a matter of law where theft of a vehicle by the decedent was the superseding cause of injury). Although the Superior Court of Massachusetts questioned the Gaines decision in Krueger v. Fraternity of Phi Gamma Delta, Inc., 13 Mass.L.Rptr. 665 (2001),

---

[9] Plaintiffs also argue that if a reckless standard is applied, Defendants are not entitled to comparative negligence. This assertion is irrelevant to the pending motion and would only need to be decided prior to trial, if the instant motion is denied.

[10] See Reynolds v. Stillman, 335 Mass. 762 (1956) (nine-year-old's illegal act of coasting down driveway in violation of city ordinance was so intimately connected with his injury as a proximate cause that as a matter of law he is barred from recovery); Scott v. Boston Elevated Ry. Co., 318 Mass. 31 (1945) (a twelve-year-old's trespass in clinging to the outside of a bus was so intimately connected with his injuries as proximate cause, after jumping from bus, bumping into automobile and falling back onto the bus wheels, as to bar his recovery). Although these cases were decided prior to the amendment of the comparative negligence statute, they remain good law and Plaintiffs failed to even address them in their Opposition.

it still acknowledged that there are situations in which plaintiffs would be barred from recovery based upon violation of a criminal statute. Id. at *4. Furthermore, in Krueger, it was not established that the decedent had violated the law and there was a wealth of evidence that defendants' actions had proximately caused the decedent's death, including evidence that the defendant "knew of illegal, underage, and excessive drinking and dangerous behavior" at its fraternity house. Id. at *2.

Even assuming, *arguendo*, that this statute is inapplicable, federal and state courts in New York repeatedly have held that trespassing on railroad property is not only illegal, but is so reckless as to constitute an intervening act that would break any causal connection between plaintiff's injury and any possible **negligence**, let alone recklessness on behalf of the Defendant, reaching the same ultimate result as the Massachusetts court did in Menard. See Gil v. National Railroad Passenger Corp et al., 2007 WL 2230176 (E.D.N.Y. 2007); see also Lynch v. Metropolitan Transp. Auth. et al., 82 A.D.3d 716, 917 N.Y.S.2d 685 (2d Dep't 2011). Notably, Plaintiffs failed to address these or any of the host of cases cited by Defendants. Rather, ignoring established caselaw and instead essentially relying upon one **vacated** Pennsylvania decision, Plaintiffs argue that there is a jury issue. Furthermore, each case cited by Plaintiffs to address the issue of proximate cause being a jury determination involved non-railroad cases at the trial stage, never even addressing the issue of summary judgment. Pl Opp at 24-5.

Thus, the undisputed facts and Plaintiff's own admissions establish as a matter of law that his climbing on top of the train was the sole proximate cause of this accident. Because Plaintiffs do not oppose that portion of Defendants' motion asserting that if Plaintiff Brian Hopkins' claims are dismissed, the claims for loss of consortium by Liana and Sean Hopkins also fail, this entire case should be dismissed.

## **CONCLUSION**

For all of the foregoing reasons, Defendants respectfully request that their motion for summary judgment be granted, together with such other and further relief as this Court deems just and proper.

Dated: New York, New York
      April 30, 2012

                                    Respectfully Submitted,

                                    LANDMAN CORSI BALLAINE & FORD P.C.

                                    By: _____
                                    Cristi L. Fusaro (CL 0415)
                                    Mark S. Landman (ML 7654)
                                    Attorneys for Defendants
                                    National Railroad Passenger Corporation and
                                     Massachusetts Bay Transportation Authority
                                    120 Broadway, 27th Floor
                                    New York, New York 10271
                                    (212) 238-4800

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK   )
                    ) ss.:
COUNTY OF NEW YORK  )

**Jelena Brigida**, being duly sworn, deposes and says, that deponent is not a party to the action, is over 18 years of age and resides at BROOKLYN, NEW YORK.

That on the 30th day of April, 2012, deponent served the within **MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**
upon:

>       Russell X. Pollock, Esq.
>       Bergstresser & Pollock LLC
>       52 Temple Place
>       Boston, MA  02111
>
>       JOHN P. HANNIGAN, ESQ.
>       BLEAKLEY PLATT & SCHMIDT, LLP
>       One North Lexington Avenue
>       P.O. Box 5056
>       White Plains, NY 10602-5056

attorneys in this action, at the addresses designated by said attorneys for that purpose by depositing a true copy of same enclosed in a postpaid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States post office department within the State of New York.

_____
Jelena Brigida

Sworn to before me this
30th day of April, 2012

_____
Notary

TINA S. BHATT
Notary Public, State of New York
No. 02BH6229471
Certificate Filed in Kings County
Commission Expires Oct. 12, 2014