# LANDMAN CORSI BALLAINE & FORD P.C.
A NEW YORK PROFESSIONAL CORPORATION

ATTORNEYS AT LAW

CRISTI L. FUSARO
OF COUNSEL

TEL: (212) 238-4806
EMAIL: cfusaro@lcbf.com

120 BROADWAY
27TH FLOOR
NEW YORK, NY 10271-0079

TELEPHONE (212) 238-4800
FACSIMILE (212) 238-4848

www.lcbf.com

One Gateway Center
Newark, NJ 07102
Tel: (973) 623-2700

1617 JFK Boulevard
Philadelphia, PA 19103
Tel: (215) 561-8540

May 1, 2012

*By ECF*

Honorable Nicholas G. Garaufis
U.S. District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:  *Brian Hopkins, Liana Hopkins and Sean Hopkins v. National Railroad Passenger Corporation a/k/a Amtrak and Massachusetts Bay Transportation Authority*
Case No. 08-CV-2965 (NGG)(RML)
Our File No. 148-2221

Dear Judge Garaufis:

We represent the Defendants, National Railroad Passenger Corporation ("Amtrak") and Massachusetts Bay Transportation Authority ("MBTA"), in the above-referenced action and write in opposition to Plaintiffs' May 1st letter requesting permission to file a sur-reply to Defendants' Motion for Summary Judgment, which was electronically filed on April 30, 2012.

Defendants did not raise any new factual or legal issues in their Memorandum of Law in Further Support of Defendants' Motion for Summary Judgment ("Reply") which would warrant the Court permitting a sur-reply. In their May 1st letter, Plaintiffs state they would like to: (1) respond to "Defendants' statements regarding the claim that Brian Hopkins was trespassing;" (2) respond to "Defendants' statements as to the admissibility of prior electrocutions and personal injuries;" (3) allow Plaintiffs' experts to affirm the statements in their expert reports; and (4) respond to other undisclosed issues within the Reply. For the reasons set forth below, the application for permission to submit a sur-reply should be denied.

534204.1 DocsNY

**LANDMAN CORSI BALLAINE & FORD P.C.**

Honorable Nicholas G. Garaufis
May 1, 2012
Page 2

### I. Statement Regarding the Claim that Brian Hopkins Was Trespassing

Since the inception of this litigation, Defendants have maintained that Plaintiff Brian Hopkins was trespassing when he climbed on top of a parked Acela train at South Station in Boston, Massachusetts. In Defendants' initial Memorandum of Law in support of their motion ("Initial Memo"), Defendants obviously made this same argument. In fact, Point IA of Defendants' initial Memorandum states that "The Adult Plaintiff Was A Trespasser By Climbing On Top Of Amtrak's Acela Train." See Defendants' Initial Memo, [Docket #45] at p.9. Plaintiffs, in fact, did address Defendants' contentions that Plaintiff was a trespasser in their Opposition. See [Docket #48] at p. 17. There is simply no reason to allow Plaintiffs yet **another** opportunity to do so.

### II. Statements as to the Admissibility of Prior Electrocution and Personal Injuries

Since Plaintiffs concede that there were no prior similar incidents at South Station or in the entire Commonwealth of Massachusetts, they instead argued that six (6) incidents, all distinct in time, place and circumstance to the incident at issue in this litigation, require denial of the Defendants' motion. Plaintiffs are well aware that Federal Rule of Civil Procedure Rule 56(e) requires that "opposing affidavits...shall set forth such facts as would be admissible in evidence." Plaintiffs chose not to set forth a basis upon which these six (6) disparate incidents would be admissible. Any claim by Plaintiffs that they are surprised by Defendants' argument that these incidents are inadmissible is baseless. Plaintiffs submitted a letter motion to compel additional discovery to the Magistrate Judge on or about June 17, 2011 [Docket #33] and Defendants submitted an opposition letter on June 29, 2011 [Docket #34] which argued, *inter alia*, that these very incidents would be inadmissible. See [Docket #34] at pp. 4-5.

### III. Allowing Experts to Affirm Reports

Again, there is no reason to allow Plaintiffs to belatedly correct the obvious evidentiary problems with his experts' unsworn statements, nor do they articulate one in their May 1st letter. Moreover, the experts' conclusory opinions that Defendants' conduct was reckless or willful would be inadmissible, even if they had so stated in sworn declarations. See Andrews v. Metro North Commuter Railroad Co., 882 F.2d 705, 709 (2d Cir. 1989).

Lastly, Plaintiffs request an opportunity to respond to "other issues squarely within the Memorandum in Further Support." This unspecified request does nothing to support Plaintiffs' extraordinary request, especially when considered in the context that Plaintiffs' Opposition wholly ignored significant legal support upon which Defendants relied in their Initial Memo.

Accordingly, Defendants respectfully request that this Court deny Plaintiffs' application for permission to file a sur-reply.

**LANDMAN CORSI BALLAINE & FORD P.C.**

Honorable Nicholas G. Garaufis
May 1, 2012
Page 3

      We thank Your Honor for consideration of this matter.

                              Respectfully submitted,

                              Cristi L. Fusaro

cc:    *Via ECF and Facsimile*

       Russell X. Pollock, Esq.
       Bergstresser & Pollock LLC
       52 Temple Place
       Boston, MA  02111